IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

STOVE BUILDER INTERNATIONAL,   )
INC.,                          )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  11 C 1098
                               )
GHP GROUP, INC.,               )
                               )
          Defendant.           )

                MEMORANDUM OPINION AND ORDER

    During the course of yesterday morning's continued hearing on the pending motion of GHP Group, Inc. ("GHP") to dismiss the First Amended Complaint ("FAC") filed against it by Stove Builder International, Inc. ("Stove Builder"), this Court ruled instead on the viability of Stove Builder's Second Amended Complaint ("SAC"), which had just been filed on May 31, 2011.[1] In part the oral arguments then exchanged by the parties' counsel led this Court to defer ruling on SAC Count IV--a count captioned "Tortious Interference with Prospective Economic Advantage--so that this Court could review the caselaw cited by each side. It has now done so, and this memorandum opinion and order addresses that count.

    It is undisputed that the fate of Count IV is controlled by the preemption provision of the Illinois Trade Secrets Act ("Act"), 765 ILCS 1065/8, which reads in relevant part:

---

    [1] When the SAC supplanted the FAC, GHP's motion to dismiss the latter was of course rendered moot.

>            (a) Except as provided in subsection (b), this Act
>       is intended to displace conflicting tort,
>       restitutionary, unfair competition, and other laws of
>       this State providing civil remedies for
>       misappropriation of a trade secret.
>
>       (b)   This Act does not affect:
>
>            (1)   contractual remedies, whether or
>       not based upon misappropriation of a trade
>       secret, provided however, that a contractual
>       or other duty to maintain secrecy or limit
>       use of a trade secret shall not be deemed to
>       be void or unenforceable solely for lack of
>       durational or geographical limitation on the
>       duty;
>
>            (2)   other civil remedies that are not
>       based upon misappropriation of a trade
>       secret.

And as the caption of Count IV connotes, the claim advanced there comes under the rubric of "other civil remedies," so that the determination of its preemption vel non depends on whether the count is or is not "based upon misappropriation of a trade secret."

On that score GHP's counsel has sought to rely on the late Judge James Moran's opinion in Automed Tech., Inc. v. Eller, 160 F.Supp.2d 915, 921-22 (N.D. Ill. 2001), while Stove Builder's counsel has pointed to Judge Elaine Bucklo's opinion in Abanco Int'l, Inc. v. Guestlogix, Inc., 486 F.Supp.2d 779, 781-82 (N.D. Ill. 2007). Ironically those opinions really do not differ in their reading and application of the Act's preemption provision--but even more ironically, analysis discloses that this Court need not explore any arguable differences between the views

2

of its former colleague and those of its present colleague.

By way of explanation, SAC ¶34 defines "SBI[2] Trade Secret Information," while SAC ¶69 charges GHP with having "wrongfully used and misappropriated SBI's Trade Secret Information" and SAC ¶71 charges that by such misappropriation and misuse "GHP has wrongfully and by improper means interfered with SBI's valid contractual and business relationships and prospective economic advantages." If that were all, then, GHP would have the better of the argument on preemption.

But neither side's counsel has given heed to the provision of Fed. R. Civ. P. ("Rule") 8(d)(3) that gives every pleader free rein in advancing "as many separate claims or defenses as it has, regardless of consistency."[3] It must be remembered that part of GHP's proposed legal arsenal (advanced unsuccessfully to this point as a pleading matter, but preserved of course as a matter

---

[2] "SBI" is the acronym adopted by Stove Builder's counsel in drafting the SAC.

[3] That omission on counsel's part is somewhat amusing, because each of them has exercised that prerogative in this case:

  1. Stove Builder's counsel has charged GHP with a violation of the Act in SAC Count I, while at the same time urging that Trade Secret Information (the gravamen of its Count I claim) is not really "trade secret information" so as to run afoul of Act preemption for Count IV purposes.

  2. For their part, GHP's counsel have argued that no trade secrets are involved, thus calling for the dismissal of SAC Count I, while at the same time they urge that trade secrets <u>are</u> involved, requiring the dismissal of Count IV.

3

of proof) is that Stove Builder does not have protectible trade secrets. If GHP is right on that score, Count IV is <u>not</u> preempted by the Act because "Trade Secret Information" would be an inaccurate characterization of the property interests it seeks to preserve. Conversely, if the label "Trade Secret Information" is an apt description, Count IV would become subject to dismissal at that point.

For the present, then, GHP's motion to dismiss SAC Count IV is denied, and GHP's answer to the SAC (as ordered by this Court yesterday) must respond to that count as well. As is often the case with inconsistent pleadings, the ultimate fate of Count IV will be a function of how the case evolves.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 3, 2011