IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STOVE BUILDER INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11 C 1098 ) |
| GHP GROUP, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

GHP Group, Inc. ("GHP") has filed its Answer to the Second Amended Complaint ("SAC") brought against it by Stove Builder International, Inc. ("Stove Builder"). This sua sponte memorandum order is prompted by a too-often-encountered type of misuse of the disclaimer prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) for responsive pleaders who lack even enough information about the truth of an allegation to permit its admission or denial, as otherwise mandated by Rule 8(b)(1)(B).

This last comment should not be mistaken as an expression of this Court's view as to the substantive validity of any such disclaimer in terms of the good faith demanded by Rule 11(b)--no such substantive finding is intended. It is rather that each time GHP's counsel invokes Rule 8(b)(5), it is improperly coupled with a statement that GHP "on that basis denies the allegations" (Answer ¶¶17-21, 23, 29, 30, 32, 34, 37, 38, 51, 56 and 64-68).

That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information

to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?  Accordingly the quoted language is stricken from the Answer wherever it appears.

Finally, GHP has responded to SAC ¶¶75 through 77--paragraphs that contain the substantive allegations supporting what Stove Builder has labeled "Count V Injunctive Relief"--by stating its belief that this Court dismissed that Count V during oral argument on June 2.  That mischaracterizes this Court's ruling at that time, though that is obviously not done deliberately.  What this Court actually ruled was that injunctive relief is simply another potential remedy if Stove Builder succeeds on its claim, rather than stating a separate claim on its own.  Hence labeling such relief as a separate "count" is inappropriate.

What that means is that if and when Stove Builder may move to seek injunctive relief, any dispute in that respect will be treated as a contested motion to be resolved on the parties' respective submissions.  In that regard GHP's denial of Stove Builder's allegations in SAC ¶¶75 through 77 will stand for the present.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 22, 2011