IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
STOVE BUILDER INTERNATIONAL,   )
INC.,                          )
                               )
            Plaintiff,         )
                               )
     v.                        )    No.  11 C 1098
                               )
GHP GROUP, INC.,               )
                               )
            Defendant.         )
```

## MEMORANDUM OPINION AND ORDER

Defendant GHP Group, Inc. ("GHP") has charged plaintiff Stove Builder International, Inc. ("Stove Builder") with having engaged in sanctionable conduct in pursuit of its claims. Both sides of course recognize that Fed. R. Civ. P. ("Rule") 11(b)(3) requires Stove Builder's counsel to have made a reasonable prefiling inquiry--one that must be conducted in good faith, both subjective and objective. This memorandum opinion and order deals with GHP's motion in those terms.

During the course of a December 19, 2011 evidentiary hearing on the subject, conducted after the litigants had substantially briefed the Rule 11 issues, this Court ruled orally that in the circumstances of this case the initial communication to Stove Builder's counsel of a reasonably plausible story by their client satisfied that duty of inquiry sufficiently to justify the filing of the original Complaint. In that respect, although GHP's counsel had urged with some force that further prefiling investigation might well have headed off the original filing, in

this Court's view no Rule 11 sanction should attend counsel's acceptance of their client's version as they have described it. So the focus of attention properly shifts to whether the same can be said as to counsel's revised filings--Stove Builder's Amended Complaint and Second Amended Complaint.

For that purpose several aspects of Rule 11(b), as revised by its fang-drawing 1993 amendments, provide guideposts for resolution of the matter now before this Court:

    1. Rule 11(b) applies only to <u>written</u> filings: "a pleading, written motion, or other paper."

    2. As indicated earlier, the Rule imposes on the filer an obligation of both subjective and objective good faith--the offending filing must have taken place "after an inquiry reasonable under the circumstances."

    3. Rule 11(b)(3) requires that a complaint's "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

    4. Under Rule 11(c)(2), sanctions can be imposed at the instance of a party only after service of a motion on the claimed violator, but the served motion "must not be filed or be presented to the court if the challenged paper, claim, offense, contention, or denial is withdrawn or

appropriately corrected within 21 days after service or within another time the court sets."

That fourth element, with its creation of a potential safe harbor, was the major change wrought by the 1993 amendments to Rule 11--before that a Rule 11 violation created a form of strict liability. And although the most common way of speaking of that fourth element is to refer to it simply as a 21-day window of potential escape from possible sanctions, the smart lawyer--or more precisely the smart Rule-11-sensitive lawyer--should be keenly aware of, and will appropriately make use of, the phrase "or within another time the court sets."

Under that Rule 11(c)(2) escape hatch provision, what should a thoughtful lawyer, who has filed a complaint (as is often the case) solely on the strength of client-provided information, do when confronted by an adversary lawyer's challenge that says "What you have alleged just isn't true--here's the real story"? In that situation the already-described smart and Rule-11-sensitive lawyer should take advantage of the opportunity provided by the potential safe harbor provision--he or she can reply essentially this way:

> In response to your objections, please give me the opportunity to look into what you've said. But it may take something more than 21 days to do the investigation, so let's agree to extend that period for the possible withdrawal of our filing.

If the opposing lawyer were to refuse that reasonable request,

3

the same smart lawyer for the Rule 11 potential target can appeal to the court for the needed leeway (something that this Court, for one, would never refuse in that situation). And not incidentally, that course of action would provide the opportunity to engage in the required discovery without enlarging any potential Rule 11 risk.[1]

Because that last point is especially important here, some elaboration is in order. Particular note should be taken of the nature of GHP's Rule-directed shot across Stove Builder's bow: Its lawyer's March 1, 2011 letter to Stove Builder's litigation counsel, sent immediately after GHP's receipt of the summons and original Complaint in this action, set out a detailed flat-out denial of the critical assertions in the just-served original Complaint. That was not just a boilerplate and generalized in terrorem tactic to head off an unpleasant lawsuit--something to which a lawyer recipient might pay no heed as just so much hot air. And relatedly, the advancement of such a particularized denial--one that could be confirmed or refuted by third party discovery--would appear to lend it greater credibility.

Unfortunately Stove Builder's counsel did not follow the sensible path that this opinion has found to be the reasonable one (and that Divane, 200 F.3d at 1027 has confirmed as "a more

---

[1] In that regard, take a look at the opinion in Divane v. Krull Elec. Co., 200 F.3d 1020, 1027 (7th Cir. 1999).

4

appropriate method to provide [the putative Rule 11 target] with time"). Instead counsel engaged in only a unilateral surface inquiry--one described by law firm partner Ludwig Kolman during the course of the December 19 hearing--and then proceeded to compound the Rule 11 risk by drawing inferences from totally circumstantial information, rather than any hard facts, and by then filing another pleading, an Amended Complaint, that reiterated the original claims.

Indeed, as the follow-up March 23, 2011 letter from GHP's counsel to Stove Builder's counsel reflected, one of the principals in GHP (Ron Calvert ("Calvert")) had previously asked to speak with the person who ran Stove Builder. Then, having been directed to that company's Marc-Antoine Cantin ("Cantin"), Calvert told Cantin expressly that Stove Builder's critical charges were in error and that "should SBI [Stove Builder] wish for additional documentation and information supporting the facts [as stated by Calvert], then Mr. Cantin should immediately call Mr. Calvert and Mr Calvert would provide such information (or indicate the lack of information, as the case may be) to him."

This Court cannot now ascertain the ultimate truth in the present "he said v. he said" situation, although the particularized version advanced by GHP certainly seems more likely to prove reliable than the amorphous assertions and inferences on which Stove Builder seeks to hang its corporate

5

hat.[2] Under these circumstances, a final decision as to the imposition of Rule 11 sanctions will be deferred:[3]

    1. As stated earlier, no sanctions will attach to the filing of the original Complaint, for counsel's initial reliance on an apparently plausible account by their client has met the reasonable inquiry standard.

    2. By contrast, if GHP's account proves out on the basis that further reasonable investigation after the filing of the original Complaint would have disclosed Stove Builder's version to be unfounded, Rule 11 sanctions will be awarded for Stove Builder's unjustified filing of the Amended Complaint and Second Amended Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 14, 2012

---

    [2] In that regard, the very fact that various of the disputed contentions are objectively ascertainable without the need to make a credibility evaluation as between the litigants points up the inadequacy of Stove Builder's approach to the Rule-required inquiry--an inquiry that, to repeat, was available through discovery without creating the risk of sanctions that Stove Builder now confronts.

    [3] Again, this handling of the matter is in total accord with the teaching of Divane, 200 F.3d at 1027 (adapted to this case) that "taking [GHP's] motion under advisement pending the resolution of the factual dispute would have been a more appropriate method to provide [Stove Builder] with time" than the procedure followed by the district judge in that case.