```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

STOVE BUILDER INTERNATIONAL,   )
INC.,                          )
                               )
          Plaintiff,           )
                               )
     v.                        )     No.  11 C 1098
                               )
GHP GROUP, INC.,               )
                               )
          Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

During the July 19, 2012 status hearing that had been set by this Court, it acknowledged its earlier error in having failed to do what it always seeks to do by way of management of its court calendar: that is, to set a next court date, whether for a status hearing or otherwise. This memorandum opinion and order is issued to cure that oversight.[1]

In response to this Court's inquiry during the course of that July 14 status hearing, counsel for the parties responded that they had been awaiting this Court's ruling on the controverted Fed. R. Civ. P. ("Rule") 11(b)(3) motion filed by GHP Group, Inc. ("GHP") that had culminated in this Court's February 14, 2012 memorandum opinion and order ("Opinion"). But a review of the bidding discloses that any "mea culpa" on this

---

[1] This Court discovered the oversight when it recently performed the time-consuming process of examining, case by case, its "bible" sheets that it maintains in a three-ring binder that contains a single sheet for each of the undisposed-of cases pending before it.

Court's part was really inappropriate--here is how the Opinion concluded:

> Under these circumstances, a final decision as to the imposition of Rule 11 sanctions will be deferred:
>
> 1. As stated earlier, no sanctions will attach to the filing of the original Complaint, for counsel's initial reliance on an apparently plausible account by their client has met the reasonable inquiry standard.
>
> 2. By contrast, if GHP's account proves out on the basis that further reasonable investigation after the filing of the original Complaint would have disclosed Stove Builder's version to be unfounded, Rule 11 sanctions will be awarded for Stove Builder's unjustified filing of the Amended Complaint and Second Amended Complaint.

If this Court had intended to rule on the disputed Rule 11(b)(3) motion filed by GHP without any further input from either of the litigants, why would it have said that a final decision on the imposition of such sanctions would be "deferred"? Both that and the reference to "proves out" in the second of the above-quoted paragraphs from the Opinion, when coupled with the Opinion's discussion that had preceded that concluding statement, should have been understood as signaling that unless Stove Builder were to report that further investigation had taken place and had disclosed a reasonable foundation for its earlier version, this Court's ruling on the Rule 11 motion would go against Stove Builder.

With nothing having been forthcoming from Stove Builder following the issuance of the Opinion, this Court grants GHP's

2

motion to the extent indicated there--it finds that Stove Builder's filing of the Amended Complaint and Second Amended Complaint without having withdrawn its original charge against GHP was indeed a violation of Rule 11(b)(3). And it further finds that the appropriate sanction for that violation is fee shifting: that is, an award to prevailing party GHP of its "reasonable expenses, including attorney's fees, incurred for the motion" (see Rule 11(c)(2)).

It is to be hoped that the quantification of that award can be determined without any meaningful increase by the fees-on-fees factor. This Court will expect a report from counsel for the parties at the status hearing to be held on August 3, 2012 at 8:45 a.m.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: July 24, 2012