IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**STOVE BUILDER INTERNATIONAL, INC.**, )
)
       Plaintiff, )
)
  v. ) No. 11 C 1098
)
**GHP GROUP, INC.**, )
)
       Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant GHP Group, Inc. ("GHP") and plaintiff Stove Builder International, Inc. ("Stove Builder") continue to engage in their protracted battle over Stove Builder's claimed violation of Fed. R. Civ. P. ("Rule") 11 in this action. Most recently GHP has moved for the dismissal of Stove Builder's Second Amended Complaint, based on the plaintiff's asserted failure to prosecute, while Stove Builder's August 10 statement in opposition has challenged that characterization.

For present purposes it is unnecessary to engage in a complete review of the bidding. Instead the discussion can commence with the conclusions announced at the end of this Court's February 14, 2012 memorandum opinion and order ("Opinion," Dkt. 67), following the Opinion's discussion that provided the backdrop for resolution of the dispute:

> This Court cannot now ascertain the ultimate truth in the present "he said v. he said" situation, although


>the particularized version advanced by GHP certainly seems more likely to prove reliable than the amorphous assertions and inferences on which Stove Builder seeks to hang its corporate hat.[1]  Under these circumstances, a final decision as to the imposition of Rule 11 sanctions will be deferred:
>
>>1.  As stated earlier, no sanctions will attach to the filing of the original Complaint, for counsel's initial reliance on an apparently plausible account by their client has met the reasonable inquiry standard.
>
>>2.  By contrast, if GHP's account proves out on the basis that further reasonable investigation after the filing of the original Complaint would have disclosed Stove Builder's version to be unfounded, Rule 11 sanctions will be awarded for Stove Builder's unjustified filing of the Amended Complaint and Second Amended Complaint.

According to Stove Builder's current opposition statement, it "understood the Court to be instructing it to suspend any discovery as against GHP and to first establish the scope of the litigation, that is, SBI should first determine whether there existed a confidentiality agreement between GHP and CFM and/or its agent PwC [PricewaterhouseCooper]."  This Court's July 24, 2012 memorandum opinion and order (Dkt. 71) has found that position wholly unpersuasive, explaining why that was so and concluding:

---

[1]  [What follows in this footnote was n.2 to the Opinion, but because of the software programming involved it has become n.1 in this opinion.]  In that regard, the very fact that various of the disputed contentions are objectively ascertainable without the need to make a credibility evaluation as between the litigants points up the inadequacy of Stove Builder's approach to the Rule -- required inquiry -- an inquiry that, to repeat, was available through discovery without creating the risk of sanctions that Stove Builder now confronts.

> With nothing having been forthcoming from Stove Builder following the issuance of the Opinion, this Court grants GHP's motion to the extent indicated there--it finds that Stove Builder's filing of the Amended Complaint and Second Amended Complaint without having withdrawn its original charge against GHP was indeed a violation of Rule 11(b)(3). And it further finds that the appropriate sanction for that violation is fee shifting: that is, an award to prevailing party GHP of its "reasonable expenses, including attorney's fees, incurred for the motion" (see Rule 11(c)(2)).

In this Court's view, that does not however support the imposition of an ultimate sanction of dismissal. Instead Stove Builder will be given some further time "in case of anything turning up" (to quote what was said of Charles Dickens' Mr. Micawber).[2] But Stove Builder's counsel must continue to be of the unreasonableness, as the Opinion pointed out, of having ignored GHP's "detailed flat-out denial of the critical assertions in the just-served original Complaint"-- that is, of having failed to look into that explanation rather than charging ahead with an Amended Complaint that reiterated the original claims.

In sum, GHP's motion for the ultimate sanction of dismissal is denied, while the prospect of appropriate Rule 11 sanctions referred to in the Opinion remains very much alive. This Court

---

[2] As Benjamin Disraeli's <u>Tancred</u> later paraphrased that Dickens quotation, Stove Builder apparently continues to be "full of faith that 'something would turn up.'"

sets a status hearing for 9 a.m. August 22, 2012 to ascertain the current posture of Stove Builder's belated discovery efforts.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: August 15, 2012